UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVADOR VARGAS,

                Plaintiff,

– against –

ALPHONSE DIPILATO, ALPHONSO'S PIZZERIA, INC., *and* JOHN DOE CORP.,

                Defendants.

**OPINION & ORDER**

21-cv-3884 (ER)

RAMOS, D.J.:

    Salvador Vargas brought claims against his former employer, Alphonso's Pizzeria, Inc., and its owner, Alphonse Dipilato (together, "Defendants") under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Doc. 1. Before the Court is Dipilato's motion to dismiss on the basis that the Court lacks personal jurisdiction over him because he was never properly served. Doc. 41. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

### A. Factual Background

    Vargas was employed at a pizzeria located at 525 Grand Street ("the Pizzeria")[1] doing cleaning, setup, and delivery work for 5 years, until February 2021. Doc. 1, ¶ 10. Vargas worked 6 days a week from approximately 10:00 AM to 11:00 PM or 12:00 AM. *Id.* ¶ 11. He was paid $475/week and never received overtime premiums or spread of hours' pay. *Id.* ¶ 12.

    During Vargas' employment, Dipilato owned the Pizzeria indirectly through entities that exercised nominal ownership over the Pizzeria. *Id.* at ¶¶ 9, 15. Dipilato also managed and operated the Pizzeria, which meant that he was responsible for hiring and

---

[1] The Pizzeria went by several names, including "Pizza Shack," Alphonso's Trattoria Pizzeria," and "Alphonso's Pizza Shack." Doc. 1, ¶ 9.

firing employees and deciding the terms of their employment, including their rate of pay. *Id.* ¶¶ 9, 14. The Pizzeria made approximately 60 to 90 deliveries daily, each with a profit of approximately $30, meaning that the Pizzeria earned over $500,000 in revenue annually. *Id.* ¶ 13.

In January 2019, another worker at the Pizzeria brought a wage and hour suit against Dipilato, who at the time operated the Pizzeria through Ah-Beets Foods, Inc. *Id.* ¶ 16. Approximately 18 months later, on June 30, 2020, a new corporation, "Alphonso's Pizzeria, Inc.," was created and took control of the Pizzeria as a successor-in-interest to Ah-Beets Foods, Inc.[2] *Id.* ¶ 17. Shortly thereafter, on July 6, 2020, Dipilato filed for personal bankruptcy and estimated the value of his interest in Ah-Beets Foods, Inc. at $1.00. *Id.* ¶ 18. Consequently, Vargas alleges the transfer to Alphonso's Pizzeria, Inc. was conducted solely to defeat the claims of creditors like Vargas. *Id.* ¶ 19.

Vargas' counsel informed Dipilato on March 2, 2021 that Vargas intended to bring suit for labor law violations, and Dipilato acknowledged receipt of the email two days later and denied that he ever employed Vargas. Doc. 41 at 22.

### B. Procedural History

Vargas brought FLSA and NYLL claims against Dipilato and Alphonso's Pizzeria, Inc. on May 2, 2021. Doc. 1. Vargas filed an affidavit of service on Dipilato on June 6, 2021, stating that the summons and complaint had been served on "Juan 'Smith,'" Dipilato's co-worker (who refused to state his true last name), at 525 Grand Street "C/O Alphonso's Pizza (A/K/A Pizza Shack)" on June 2, 2021 and had also been mailed to the same address. Doc. 8. Vargas also sought to serve Dipilato by alternate means—namely, email—on August 5, 2021. Doc. 9. On August 10, 2021, the Court denied the request without prejudice on the basis that Vargas must first show that "personal service and/or 'nail and mail' service pursuant to C.P.L.R. §§ 308(1) and (4) would be impracticable"

---

[2] To the extent that another entity was Ah-Beets Foods, Inc.'s successor-in-interest, Vargas names it as a John Doe Corp. defendant. *Id.* ¶ 17.

before the Court could permit service by alternate means pursuant to C.P.L.R. § 308(5). Doc. 12 at 1.

Vargas obtained certificates of default for Dipilato and Alphonso's Pizzeria on September 1, 2021. Docs. 20, 21. Upon Vargas's September 5, 2021 motion (Doc. 22), the Court issued an order to show cause on April 8, 2022 as to why default judgment should not be granted against Defendants (Doc. 23). At the resulting hearing on May 6, 2022, Dipilato appeared pro se, and the Court directed Defendants to retain counsel and have them enter an appearance by June 3, 2022. May 6, 2022 Minute Entry. Defendants' counsel, Mark D. Herman, entered an appearance on May 31, 2022. Doc. 24. On June 16, 2022, Dipilato and Alphonso's Pizzeria, Inc. answered and asserted that Dipilato was never properly served, and the Court therefore lacked personal jurisdiction over him. Doc. 26.

Following Defendants' failure to participate in discovery whatsoever, Vargas again moved for default judgment on November 9, 2022. Doc. 36. The Court scheduled a hearing for December 14, 2022 and directed Defendants to show cause as to why default judgment should not be entered against them. Doc. 37. Default judgment was entered against Alphonso's Pizzeria Inc., which did not appear at the hearing through counsel; Herman appeared for Dipilato, and Dipilato was granted leave to file a motion why default judgment should not be entered. Dec. 14, 2022 Minute Entry; Doc. 40. On January 12, 2023, Dipilato instead filed the instant motion to dismiss for lack of jurisdiction. Doc. 41.

## II.   LEGAL STANDARDS

Default judgment cannot properly be entered against a defendant who was not properly served and over whom, therefore, the Court lacks personal jurisdiction. *Lin v. Grand Sichuan 74 St*, No. 15-cv-2950 (RA), 2021 U.S. Dist. LEXIS 180059, at *15 (S.D.N.Y. Sep. 21, 2021); *see also Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012) (holding that federal courts may exercise personal jurisdiction over

3

a party only if (1) it was properly served, (2) there exists a statutory basis for exercising personal jurisdiction, and (3) the exercise of personal jurisdiction would comport with constitutional due process). Indeed, if service of process was not properly effectuated, the Court has no discretion and must mandatorily set aside the default judgment. *Drywall Tapers & Pointers of Greater N.Y. Local Union 1974 v. Creative Installations, Inc.*, 343 F.R.D. 358, 363 (S.D.N.Y. 2022).

Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service. . . ." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (citation omitted). "'A defendant's sworn denial of receipt of service . . . rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing' only if the defendant 'swear[s] to specific facts to rebut the statements in the process server's affidavits.'" *RDW Capital v. Monesi*, No. 21-2066, 2022 U.S. App. LEXIS 28664, at *2–3 (2d Cir. Oct. 17, 2022) (alteration in original) (quoting *Old Republic Ins.*, 301 F.3d at 57–58). "Conclusory statements are insufficient to overcome a defendant's sworn affidavit that he was not served. If service of process was not sufficient, the Court has discretion to dismiss the action, but dismissal is not mandatory." *Darden*, 191 F. Supp. 2d at 387. Where a defendant has actual notice of the action, notwithstanding that there exists a factual dispute as to the propriety of service, in lieu of dismissal for insufficient process or an evidentiary hearing to decide the sufficiency of process, the Court may simply order that the plaintiff properly re-serve the defendant. *See Mashud Parves Rana v. Islam*, 305 F.R.D. 53, 65–66 (S.D.N.Y. 2015); *J & J Sports Prods. v. Arnoat*, No. 06-cv-2103 (WHP), 2007 U.S. Dist. LEXIS 50585, at *3 (S.D.N.Y. July 3, 2007); *see also Victoria Sales Corp. v. Emery Air Freight, Inc.*, No. 86-cv-1610 (JFK), 1987 U.S. Dist. LEXIS 8295, at *2 (S.D.N.Y. Sep. 9, 1987) ("when the

4

gravemen [sic] of defendant's motion is insufficiency of process, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service" (quoting *Daley v. Alia*, 105 F.R.D. 87, 89 (E.D.N.Y. 1985))).

### III. DISCUSSION

Dipilato has submitted affidavit arguing that he was never properly served because (1) he never knew the "Juan 'Smith'" who was served nor were they ever coworkers, and (2) he had moved out of New York state to Arizona in December 2020 (almost 18 months before the attempted service and has since had no contacts with New York, nor does he own or lease property in New York, have any bank or brokerage accounts in New York, nor conduct any business activity in New York. Doc. 41 at 6, ¶¶ 4–5 (Dipilato Aff.); *see also* Doc. 41-1 (Dipilato Mem. of L.) at 4–6.  He also argues that the process server's affidavit states that "Alphonso's Pizza" was served, but the named defendant here is Alphonso's *Pizzeria*.  Doc. 41-1 at 4.

Vargas responds that Dipilato's motion is "untimely" because he already answered.  Doc. 43 (Vargas Opp.) at 2.  Moreover, Vargas argues that he has made a prima facie showing of proper service based on the process server's affidavit, and "dismissal on the basis of [Dipilato's] self-serving affidavit would be improper." *Id.* Accordingly, default judgment is proper because of Dipilato's absolute refusal to participate in discovery.  *Id.* at 2–3.

#### A. Dipilato Did Not Waive His Defense as to Insufficient Service of Process

Federal Rule of Civil Procedure 12(h) provides that a party waives a defense as to personal jurisdiction and insufficient service of process if he fails to make it in either a pre-answer Rule 12 motion or responsive pleading.  Accordingly, if a defendant answers without raising an issue of insufficient process in his answer, that defense is waived. *Arch Ins. Co. v. Goldens Bridge Fire Dep't*, No. 16-cv-9921 (NSR), 2018 U.S. Dist. LEXIS 59182, at *7–8 (S.D.N.Y. Apr. 6, 2018).

Here, Dipilato specifically asserted in the answer that he was never properly served, and the Court therefore lacked personal jurisdiction over him. Doc. 26 ¶¶ 11–19. Accordingly, Dipilato did not waive the defense, and the Court may consider it now as timely made. *See* Fed. R. Civ. P. 12(h); *Arch Ins. Co.*, 2018 U.S. Dist. LEXIS 59182, at *7–8.

### B. Dipilato Was Not Properly Served

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served following the state law for service in the state in which the district court sits or where service is made. Under New York law (both the state in which the Court sits and where service was purported to be effectuated), as relevant here, service upon a natural person may be made by (1) mailing the summons to the individual's last known residence or actual place of business *and* (2) either (a) "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual abode of the person to be served," or, if service cannot be thusly accomplished with due diligence, then by (b) "affixing the summons to the door of either the actual place of business, dwelling place or usual abode within the state of the person to be served." C.P.L.R. § 308(2), (4). In other words, either means of service requires either delivering or affixing the summons to the defendant's "actual" place of business, dwelling place, or usual abode, even though the mailing may merely be to the defendant's "last known" residence. *Id.* If the delivery or affixing is made upon the defendant's last known residence of place of business—but the defendant has since moved or the address is no longer their "actual" place of business, dwelling place, or usual abode—then service was ineffective, and a court will not have acquired jurisdiction over that defendant. *Feinstein v. Bergner*, 397 N.E.2d 1161, 1164 (N.Y. 1979); *LCS Capital, LLC v. Hatlestad*, 176 N.Y.S.3d 442, 445–46 (N.Y. Sup. Ct. 2022). This remains true even if the defendant nonetheless has actual notice of the action. *See id.*

Here, Vargas has submitted an affidavit from the process server stating that Dipilato was served by delivering the summons and complaint to "Juan 'Smith'" at "Alphonso's Pizza (A/K/A Pizza Shack)" at 525 Grand Street, and the summons and complaint were then mailed to the same address. Doc. 8. Notwithstanding the minor discrepancy of "Alphonso's Pizza," instead of "Alphonso's *Pizzeria*" (which the Court attributes to a typographical error, as the address and A/K/A names are correct), the process server's affidavit creates a rebuttable presumption of proper service. *See* C.P.L.R. § 308(2), *Old Republic Ins. Co.*, 301 F.3d at 57. But Dipilato swore in his affidavit that he did not know Juan Smith and, more crucially, that he had moved 18 months prior to the attempted service and no longer had any business interest in the Pizzeria. Doc. 41 at 6, ¶¶ 4–5. Thereby, he successfully rebutted the presumption of proper service. *RDW Capital*, 2022 U.S. App. LEXIS 28664, at *2–3.

The Court need not dismiss, however, for insufficient process. *Darden*, 191 F. Supp. 2d at 387. Nor is an evidentiary hearing required. *J & J Sports Prods.*, 2007 U.S. Dist. LEXIS 50585, at *3. Rather, because Dipilato undoubtedly has actual notice of the action—and his own submission shows that he had actual notice of the action *before* it was even filed (Doc. 41 at 22)—the Court will instead direct Vargas to re-serve Dipilato. *See Mashud Parves Rana*, 305 F.R.D. at 65–66; *Victoria Sales Corp.*, 1987 U.S. Dist. LEXIS 8295, at *2.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED. No default judgment may be entered against Dipilato until he is properly served. Vargas is directed to serve Dipilato within 30 days of this Opinion.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 41.

It is SO ORDERED.

Dated:  September 18, 2023
        New York, New York

                                              EDGARDO RAMOS, U.S.D.J.