UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SALVADOR VARGAS,

                              Plaintiff,

                  – against –

ALPHONSE DIPILATO, LES PIZZA SHOP, LLC,
a/k/a/ LES PIZZA, *and* JOHN DOES 1–5,

                              Defendants.

**AMENDED ORDER**

21-cv-3884 (ER)

Ramos, D.J.:

        Salvador Vargas brought claims against his former employer, Alphonso's Pizzeria, Inc., and its owner, Alphonse DiPilato (together, "Defendants") under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").[1]  Doc. 1.  Vargas filed an affidavit of service for DiPilato on June 6, 2021.  The affidavit stated that the summons and complaint had been served on "Juan 'Smith,'" DiPilato's co-worker (who refused to state his true last name), at 525 Grand Street "C/O Alphonso's Pizza (A/K/A Pizza Shack)"on June 2, 2021, and had also been mailed to the same address.  Doc. 8.  Vargas also sought leave to serve DiPilato by alternate means—namely, email—on August 5, 2021.  Doc. 9.

        On August 10, 2021, the Court denied the request without prejudice on the basis that Vargas first had to show that "personal service and/or 'nail and mail' service pursuant to

---

[1] Alphonso's Pizzeria, Inc. is now known as LES Pizza Shop, LLC ("LES Pizza").  *See* Doc. 55 (Letter from "J. Brea" informing the Court that it is in the process of obtaining counsel to represent LES Pizza).  On September 12, 2023, an individual named Daniel Johnson appeared *pro se* on behalf of LES Pizza during a telephonic conference. During that conference, Vargas was granted leave to amend the complaint to replace defendant Alphonso's Pizzeria with LES Pizza.  The Amended Complaint was filed on September 26, 2023.  Doc. 61.

C.P.L.R. §§ 308(1) and (4) would be impracticable" before the Court could permit service by alternate means pursuant to C.P.L.R. § 308(5).  Doc. 12 at 1.

On June 16, 2022, DiPilato and Alphonso's Pizzeria, Inc. answered the complaint and asserted that DiPilato was never properly served, and the Court therefore lacked personal jurisdiction over him.  Doc. 26.  On January 12, 2023, DiPilato filed a motion to dismiss for lack of jurisdiction, arguing that (1) he never knew the "Juan Smith," who was served on June 6, 2021, nor were they ever coworkers, and (2) he had moved out of New York state to Arizona in December 2020—almost 18 months before the attempted service—and has since had no contacts with New York.  DiPilato also asserts that he does not own or lease property or have any bank or brokerage accounts in New York, and does not conduct any business activity in New York.  Doc. 41 at 6, ¶¶ 4–5; *see also* Doc. 41-1 at 4.  On September 18, 2023, the Court denied DiPilato's motion to dismiss but did hold that he was never properly served under Federal Rule of Civil Procedure 4(e)(1), and directed Vargas to re-serve DiPilato within 30 days of the Order.  Doc. 58 at 6–8.  The Court also noted in its Order that "DiPilato undoubtedly has actual notice of the action—and his own submission shows that he had actual notice of the action before it was even filed (Doc. 41 at 22)."  *Id.* at 7.

On September 20, 2023, Vargas requested leave to renew his application for alternate service pursuant to C.P.L.R. § 308(5).  Doc. 59.  In the request, Vargas noted that "at this point it would be manifestly impracticable to serve [] DiPilato by means of C.P.L.R. §§ 308(1), (2), or (4)" because he "do[es] not know Mr. DiPilato's whereabouts and ha[s] no ready means of ascertaining them."  *Id.*  On September 20, 2023, the Court granted Vargas leave to renew his application for alternate service under C.P.L.R. § 308(5) "by demonstrating via an affidavit that service is impracticable" under §§ 308(1) and (4).  Doc. 60.

Before the Court is Vargas' renewed motion to serve DiPilato via email.  Doc. 69.  David Abrams, counsel for Vargas, submitted an affidavit that indicates that "it would not be practicable to serve" DiPilato at the two addresses that he is aware of:  a residential address in upstate New York and the address of his pizzeria in Manhattan.  Doc. 70 ¶¶ 2–4.  Abrahams also stated that he attempted to learn DiPilato's address by conducting an internet search and by contacting DiPilato via email and requesting that DiPilato provide his address.  *Id.* ¶ 5.  DiPilato did not respond to the request.  *Id.* ¶ 7.

Abrahams' internet searches did yield "an address in Arizona which appeared to be connected to" DiPilato, *id.* ¶ 8, however Abrahams has not yet attempted service at that address.  *See id.* ¶¶ 8–9 ("I plan to have an Arizona process server attempt service at that address… there is no practical way for me to verify the Arizona address given that Mr. DiPilato refuses to cooperate with me.").

Because Vargas has not yet shown that it would be impracticable to serve DiPilato in Arizona pursuant to C.P.L.R. §§ 308(1) and (4), his motion to serve by alternate means is denied.  "Without such a showing of impracticability, a court is without power to direct expedient service."  *Richards v. Hedman Res. Ltd.*, 204 A.D.3d 1407, 1409, *reargument denied*, 208 A.D.3d 1655, 174 N.Y.S.3d 634 (2022), *and appeal dismissed*, 39 N.Y.3d 931, 198 N.E.3d 475 (2022).

Nevertheless, the Court warns DiPilato that "[s]ervice of process is not intended to be a game of cat and mouse."  *Khan Funds Management America, Inc., et al v. Nations Technologies Inc., et al.,* No. 22 Civ. 5055 (ER), 2023 WL 6124801, at *10 (S.D.N.Y. Sept. 19, 2023) (quoting *Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 336 (S.D.N.Y. 2008).  "Although [Vargas] will be held to [his] burden of proper service, [DiPilato] may not escape liability by obstructing service, and the Court will not countenance such gamesmanship as a means of

avoiding litigation." *Id; see also Savage Universal Corp. v. Grazier Constr., Inc.*, No. 04 Civ. 1089 (GEL), 2004 WL 1824102, at *21 (S.D.N.Y. Aug. 13, 2004) ("Litigants are not entitled to actively avoid service . . . and then seek dismissal of otherwise legally sufficient causes of action on grounds of insufficiency of service of process.").

## CONCLUSION

For the foregoing reasons Vargas' motion to serve by alternate means is DENIED. Vargas may renew his application upon a showing that it is impracticable to serve DiPilato in Arizona.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 69.

SO ORDERED.

Dated:    October 5, 2023
          New York, New York

_____

Edgardo Ramos, U.S.D.J.